UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| LUIS RUIZ, # 186562, ) | |
| ) | |
| Petitioner, ) | Case No. 1:06-cv-17 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| THOMAS BIRKETT, ) | |
| ) | **MEMORANDUM OPINION** |
| Respondent. ) | |
| _____) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for assaulting a prison employee, MICH. COMP. LAWS § 750.197c, entered in the Marquette County Circuit Court on September 6, 2002, for which petitioner is serving a term of 2-to-4 years. The first amended petition (docket # 6) raises four grounds for habeas corpus relief: (1) petitioner's guilty plea was not knowingly and intelligently made; (2) the prosecutor committed a *Brady* violation; (3) ineffective assistance of counsel; and (4) a violation of the state speedy trial rule.

Presently pending before the court is petitioner's motion to amend or supplement his habeas corpus petition. (docket # 44). Motions to amend a habeas corpus petition are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242 ¶ 3 (application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); *Hodges v. Rose*, 510 F.2d 643, 649 (6th Cir. 1978). Under Rule 15(a), a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served.

Otherwise, the party may amend only by leave of court, which "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see Mayla v. Felix*, 125 S. Ct. 2562, 2569 (2005). As the respondent has already filed an answer to the petition, leave of court is required. In determining whether leave should be granted, the habeas court should consider several factors, including undue delay, undue prejudice to the opposing party, and futility of amendment. *See Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998). A proffered amendment in a habeas case is deemed futile if it lacks merit on its face. *See, e.g., Moss v. United States*, 323 F.3d 445, 475 (6th Cir. 2003). The decision whether to grant leave to amend is discretionary with the district court. *Coe*, 161 F.3d at 342.

Applying the foregoing standards, the court concludes that petitioner's motion to amend should be denied. Petitioner appears to seek two separate forms of relief. First, petitioner has submitted a supporting brief (docket # 45), in which he addresses the habeas corpus claims set forth in his first amended petition (docket # 6). Leave of court is not necessary in order to allow petitioner to submit a brief on these claims. The court will allow the filing of petitioner's brief and will take it into consideration when reviewing the merits of his first amended petition.

Second, petitioner seeks to raise a challenge not to his 2002 assault conviction in Marquette County Circuit Court (which is the subject matter of the pending petition) but to his 1988 conviction in Ingham County for assault with intent to do great bodily harm less than murder, for which petitioner was serving an 8-to-20 year prison sentence at the time he was convicted of the later assault charge. Petitioner asserts that the Michigan Department of Corrections has improperly calculated the amount of time that petitioner must serve on the preexisting sentence of 8-to-20 years. Petitioner's attempted challenge to his 1988 conviction for assault with intent to commit great bodily harm less than murder may not be injected into the present case by amendment, for two reasons.

First, the Rules Governing Habeas Corpus Proceedings require that a habeas corpus petition challenge only convictions from a single court. "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rule 2(e), RULES GOVERNING SECTION 2254 CASES; *see Rainey v. Secretary for Dep't of Corr.*, 443 F.3d 1323, 1328 n.5 (11th Cir. 2006). The conviction presently under challenge was entered in the Marquette County Circuit Court. Petitioner now seeks to challenge an earlier conviction entered in the Ingham County Circuit Court. Rule 2(e) clearly prevents such confusing practice. Independently, a habeas corpus petitioner is required to exhaust available state court remedies before seeking habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A). To fulfill the exhaustion requirement, a habeas petitioner must present his federal claims to each level of the state judicial system, including the state's highest court. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Petitioner does not allege that he has presented his challenge to the 1988 assault conviction to any level of the state judicial system. The attachments to petitioner's motion indicate that he merely presented these questions to the prison record office, which responded to petitioner in October 2006. Until such time as petitioner presents his challenges to his 1988 conviction to all levels of the state judicial system, he may not maintain a habeas corpus proceeding.

## Conclusion

Petitioner will be allowed to supplement the record with a brief (docket # 45) addressed to the issues contained in his first amended petition (docket # 6). His motion to amend (docket # 44) will be denied.

Dated:  November 7, 2006              /s/  Joseph G. Scoville
                                      United States Magistrate Judge