UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS RUIZ,
        Petitioner,

                            No. 1:06-cv-017

-v-

                            HONORABLE PAUL L. MALONEY
                            HONORABLE JOSEPH G. SCOVILLE

THOMAS BIRKETT,
        Respondent.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the Court on a Report and Recommendation (Dkt. No. 63) and objections (Dkt. No. 64).

Petitioner Ruiz filed a petition for writ of habeas corpus on January 6, 2006 and an amended petition (Dkt. No. 6), which cured various deficiencies. Pursuant to an order by the Magistrate Judge, Respondent Birkett timely filed his answer to the amended petition on August 18, 2006. The action was reassigned to this Judge on August 10, 2007. The Magistrate Judge issued his Report and Recommendation (Dkt. No. 63.) Petitioner timely filed his objections. (Dkt. No. 64.)

The Report and Recommendation (R&R) identifies the four grounds outlined in the amended petition upon which Petitioner Ruiz seeks federal habeas corpus relief: (1) guilty plea was not made knowingly and intentionally; (2) a *Brady* violation for failure to provide Petitioner with a videotape from prison security cameras; (3) ineffective assistance of counsel; and (4) failure to timely bring Petitioner to trial pursuant to MCR 6.004(D). (R&R at 1-2.) The R&R includes some twenty-six pages of proposed findings of fact. (*Id.* at 2-26.) Magistrate Judge summarizes the applicable standards for evaluating federal habeas petitions. (*Id.* at 28-32.) The Magistrate Judge finally

addresses each of the four grounds in the order they were presented in the amended complaint. (*Id.* at 32-36.) The Magistrate Judge recommends denying the amended petition, finding no merit in any of the four grounds.

I. LEGAL FRAMEWORK

After being served with an R&R issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

II. ANALYSIS

Petitioner Ruiz's objection is nine pages long, organized in four parts titled "Claim 1" through "Claim 4." Petitioner has not raised objections to any of the proposed findings of facts in

the R&R. Petitioner has not clearly set forth any specific objection to any of the Magistrate Judge's conclusions in the R&R. Instead, Petitioner strings together legal holdings and case citations for his various propositions of law, without reference to any particular conclusion by the Magistrate Judge. Ordinarily, such general rambling will not constitute a sufficiently specific response. The Court will nevertheless endeavor to discern and then address Petitioner's objections.

Under the portion of his objection labeled "Claim 1," Petitioner addresses his claim that his plea was not made knowingly and intelligently. (Objection at 1-4.) The R&R addresses Petitioner's claim that his plea was not made knowingly and intelligently under ground I. (R&R at 32-33.) Petitioner does not object to the conclusion that a guilty plea is made knowingly if the defendant understands the nature of the charges against him and the direct consequences of his plea, meaning the minimum and maximum sentence he or she might receive. (*Id.* at 32.) Petitioner appears to object to the conclusion that his plea was voluntary on the basis that his counsel was ineffective. (*Compare* R&R at 32-33 *with* Objection at 2-3.)

In order to prevail on a claim for ineffectiveness of counsel based on a challenge to a guilty plea, a petitioner must follow the two-part standard adopted in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Under that standard, a petitioner must allege facts showing both a constitutionally defective performance by counsel, as well as resulting prejudice. *Id.* Petitioner alleges he need not establish any prejudice resulting from ineffective assistance of counsel, citing *United States v. Cronic*, 466 U.S. 648 (1984) and *Mitchell v. Mason*, 325 F.3d 732 (6th Cir. 2003). (Objection at 2.) The Magistrate Judge correctly described the applicable legal standard. In order to establish a guilty plea was not made voluntarily, Petitioner must establish both deficient performance of counsel and resulting prejudice. The *Mitchell* opinion

acknowledges there are rare instances where prejudice arising from ineffective assistance of counsel may be presumed. 325 F.3d at 740. However, none of those rare instances apply to Petitioner's situation. *Mitchell* discusses *Bell v. Cone*, 535 U.S. 685 (2002), where the Supreme Court distinguished claims governed by *Strickland* from those governed by *Cronic*. *Id.* at 741-742. *See also United States v. Morris*, 470 F.3d 596, 601-603 (6th Cir. 2006) (distinguishing claims arising under *Strickland* and *Hill* from claims arising under *Cronic*).

Petitioner argues he falls under the second category outlined in *Cronic*, because counsel has entirely failed to subject the prosecution's case to meaningful adversarial testing. (Objection at 2-3.) In *Bell v. Cone*, the Supreme Court reiterated how a petitioner might fall into *Cronic's* second category, "the attorney's failure must be complete. We said 'if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing.'" 535 U.S. at 697 (emphasis added in *Bell*) (quoting *Cronic*, 466 U.S. at 659). Here, it cannot be said that counsel's failure was complete. (*See* R&R at 33.) Counsel performed work on Petitioner's behalf and negotiated a beneficial plea agreement. Petitioner complains not that counsel entirely failed, rather, Petitioner complains of counsel's failure to view a videotape and to advise him of a purported alteration of the plea agreement. Those alleged facts fall under the standard outlined in *Strickland* and *Hill*, not *Cronic*.

In order to establish prejudice in the context of a claim for ineffective assistance of counsel involving a guilty plea, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. In *Hill*, the Supreme Court explained how a petitioner might make such a showing.

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination of

4

> whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of evidence would have lead counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of the trial.

*Hill*, 474 U.S at 59. Petitioner fails to explain why he would have opted for trial, but for counsel's alleged errors. Although Petitioner insists the video tape contains exculpatory evidence, the state judge, after reviewing the tape *in camera*, concluded it contained no clear evidence of either guilt or innocence. (R&R at 27.) Petitioner has presented no evidence undermining that conclusion. Petitioner also fails to present any evidence supporting his allegation that the original terms of the plea were altered. As explained by the state judge, the court had no statutory authority to sentence Petitioner with credit for time served, therefore counsel could not be ineffective for failing to preserve a plea agreement that was statutorily impossible. (R&R at 26.) Accordingly, the Court must conclude Petitioner has failed to establish that, but for counsel's conduct, he would have opted for trial rather than the plea agreement.

Under the portion of his objection labeled "Claim 2," Petitioner addresses his claim that the state failed to bring him to trial within 180 days, although he also addresses his claim that his plea was not made voluntarily and his claim that counsel was ineffective. (Objection at 4-6.) The R&R addresses Petitioner's claim for failing to bring him to trial within 180 days under ground IV. (R&R at 36.)  The R&R concludes Petitioner's claim here cannot be maintained for two reasons. First, federal habeas corpus relief may not be had for errors of state law. Second, the statute provides an exception for crimes committed by an inmate while incarcerated. Petitioner argues, when the 180 day rule is violated due to lack of notice, a prisoner is entitled to "sentence credits for the period of delay." (Objection at 4.) Petitioner's interpretation of the Michigan Court Rule and statute is not

5

supported by the language of either. Petitioner's crime was committed while he was incarcerated in a state correctional facility and consequently the 180 day requirement does not apply. MCL § 780.131(2)(a); MCR 6.004(D)(1). Petitioner has not alleged a violation of the Sixth Amendment's right to a speedy trial. The Magistrate Judge correctly concludes any potential violation of Michigan's court rule and statute would not entitle Petitioner to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Burns v. Lafler*, 328 F. Supp.2d 711, 723 (E.D. Mich. 2004).

Petitioner's arguments under Claim II in support of his claims for ineffective assistance of counsel and in support of his claim that his guilty plea was not made knowingly and intelligently are unpersuasive. Petitioner cites *Lyons v. Jackson*, 299 F.3d 588 (6th Cir. 2002) and compares his situation to that of Mr. Lyons who was not fully advised by counsel before deciding to enter a guilty plea. (Objection at 5.) Petitioner argues he should have been advised (1) about the in-chambers plea negotiation (2) that by pleading guilty a jury waiver form would be docketed, and (3) that he could not proceed with an interlocutory appeal. Petitioner reiterates his argument that the video tape was not disclosed. Finally, Petitioner argues he was denied effective assistance of counsel because prison guards were present when he met with trial counsel and his predecessor, citing *Lakin v. Stine*, 44 F. Supp.2d 897 (E.D. Mich. 1999). (*Id.* at 6.)

Each of these concerns lack merit. Petitioner's concern about the in-chamber's discussion arises out of his belief that the terms of his plea agreement were altered in that discussion. The Magistrate Judge, in addressing Petitioner's claim that his plea was not made knowingly, concluded Petitioner failed to present any evidence to overcome the state court's factual finding that there was no provision in the plea agreement for a sentence of 1-to-4 with credit for time served. (R&R at 33.) Petitioner does not allege he was not made aware that by entering his plea, he waived his right to

a trial by jury. Accordingly, even if he was not informed that some document would be docketed, he was aware of the consequences of his plea. Petitioner's claim regarding his interlocutory appeal was discussed by the Magistrate Judge in the summary of Petitioner's 6.500 motion. (R&R at 25-26.) The state judge rejected Petitioner's claim on several grounds, none of which have been undermined in this objection. Petitioner's argument regarding the video tape has already been addressed. Finally, Petitioner's reliance on *Lakin* is misplaced. The holding in *Lakin* upon which Petitioner relies, the presence of prison guards interfering with the defendant's access to an attorney constitutes a sufficient basis for granting a federal writ of habeas corpus, was overruled by the Sixth Circuit. *Lakin v. Stine*, 2298 F.3d 1152 (6th Cir. 2000). The Court has not been made aware when Petitioner made this claim in his state court proceedings. Furthermore, Petitioner has not established a factual basis for his allegation.

Under the portion of his objection labeled "Claim 3," Petitioner argues his petition for a writ of habeas corpus is timely and is not a second or successive petition. (Objection at 6-7.) The significance of this portion of the objection is not readily apparent. The Magistrate Judge describes Petitioner's earlier petitions for federal habeas corpus relief. (R&R at 23-28.) However, no recommendation has been made that this petition is untimely or constitutes a successive petition or an impermissible collateral attack.

Under the portion of his objection labeled "Claim 4," Petitioner proclaims his innocence and generally describes how he has been unfairly treated by prison staff since 1997. Petitioner further asserts various misapplications of law by the district court in his earlier civil suits. Petitioner alleges the video tape has been "withheld by the State at every judicial proceeding's disciplinary and court proceeding because of it's alteration by Superior Reproduction's of Marquette." (Objection at 8.)

7

The issue surrounding the video tape has already been addressed. The Court notes, as explained in the R&R (31-32), in federal habeas suits under the Antiterrorism and Effective Death Penalty Act, factual determinations made by a state court are presumed correct. Petitioner's *belief* that the video contains exculpatory evidence is simply insufficient. The rest of Petitioner's assertions under Claim IV are irrelevant to matter before the Court and do not address any portion of the R&R.

III.  CONCLUSION

Petitioner's objection generally fails to specifically object to any particular recommendation. The Court has reviewed the objection and attempted discern points of disagreement with the R&R. On those points, the Court had conducted a *de novo* review. Petitioner has failed to establish that his state conviction resulted from an unreasonable application of clearly established federal law as determined by the Supreme Court or was the result of an unreasonable determination of the facts in light of the evidence presented.

ORDER

For the reasons provided above, the Report and Recommendation (Dkt. No. 63) is **ACCEPTED OVER OBJECTIONS.** Petitioner Ruiz's habeas corpus petition is **DENIED. THIS ACTION IS TERMINATED.** Upon review of the record in this action, a certificate of appealability is **DENIED.** *See Wardlaw v. Howes*, ___ F. Supp.2d ___, 2008 WL 4183535 (W.D. Mich. July 15, 2008) (Maloney, J.).

Date:   September 23, 2008              /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        Chief, United States District Judge